UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUFFIN PARKER,

        Plaintiff,

v.                               CASE NO. 2:22-CV-12078
                               HONORABLE LINDA V. PARKER

UNITED STATES DEP'T OF JUSTICE
AND THE BUREAU OF PRISONS,

        Defendants.
_____/

## ORDER OF TRANSFER

        Federal prisoner Ruffin Parker ("Plaintiff"), who is currently incarcerated at the Federal Correctional Institution in Morgantown, West Virginia ("FCI Morgantown") has filed a pro se "Complaint for Declaratory Relief" concerning his medical care for a wrist injury following a fall from his top bunk while confined at the Federal Correctional Institution in Ashland, Kentucky ("FCI Ashland") in 2020.  ECF No. 1.  He names the United States Department of Justice and the Bureau of Prisons as the defendants in this action and seeks compensatory and punitive damages.  *Id.*

        Venue for a civil action brought in federal court is governed by 28 U.S.C. § 1391.  Section 1391(b) provides:

> Venue in general.  A civil action may be brought in –
>
>     (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
>     (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
>     (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Public officials "reside" in the county where they perform their official duties.

*O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).

When venue is improper, a district court may either dismiss the case or, in the interests of justice, transfer the case to a district or division where it could have been brought.  *See* 28 U.S.C. § 1406(a).  Additionally, even when venue is proper, a district court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses and in the interest of justice.  *See* 28 U.S.C. § 1404(a).  A court may sua sponte transfer a case for improper venue.  *Carver v. Knox County, Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989); *see also Cosmichrome, Inc. v. Spectra Chrome, Inc.  LLC*, 504 F. App'x 468, 472 (6th Cir. 2012).

In this case, the events giving rise to the complaint occurred in Ashland, Kentucky, and potential defendants, such as employees at the prison, reside in that area.  Ashland is in Boyd County, Kentucky, which lies in the Eastern District of Kentucky.  *See* 28 U.S.C. § 97(a). Consequently, the Eastern District of Kentucky is the more appropriate and convenient forum for this action.  Accordingly, in the interests of justice, the Court shall exercise its discretion and transfer this case to that district.  The Court **ORDERS** the Clerk of the Court to transfer the case to the United States District Court for the Eastern District of Kentucky.  The Court makes no determination as to the merits of the complaint or any further filing requirements.

s/ David R. Grand_____
DAVID R. GRAND
UNITED STATE MAGISTRATE JUDGE

Dated:  September 9, 2022

2